IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| HUNT REFINING COMPANY, a corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) CASE NO: 1:24-cv-00188-LAG |
| DAVID TAYLOR CONSTRUCTION, INC., a corporation, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF HUNT REFINING COMPANY'S RESPONSE TO MOTION
TO WITHDRAW AND OPPOSITION TO MOTION TO STAY**

Plaintiff Hunt Refining Company's ("HRC") Motion for Summary Judgment (Doc. 16) has not been timely opposed and is due to be granted. Thus, although HRC does not oppose defense counsel's request to withdraw, HRC asks the Court to deny counsel's request that all proceedings be stayed for 30 days. Instead, HRC asks the Court to enter final judgment in favor of HRC. In support, HRC states:

1. This is a straight-forward collection action to collect invoices that are almost two years past due. Defendant David Taylor Construction, Inc. ("Taylor Construction") admits it owes money to HRC for unpaid invoices and admits that it does not know the amount owed. (Defendant's Responses to Plaintiff's First

Interrogatories, No. 5, Doc. 16-1 at Exh. A; Defendant's Response to Plaintiff's First Request for Admissions, No. 1, Doc. 16-1 at Exh. B).

2.   HRC filed its Motion for Summary Judgment on July 22, 2025, and unequivocally established the amount owed by Taylor Construction. (Doc. 16). Taylor Construction was required to file any response to the summary judgment motion by August 12, 2025. (Local Rule 7.2). But Taylor Construction did not respond, and the motion is therefore unopposed. The motion is due to be granted, and final judgment should be entered in favor of HRC in the principal amount of $140,754.92, plus prejudgment interest at a daily rate of $69.41 from September 25, 2023, to the date of judgment.

3.   On August 1, 2025, Taylor Construction was notified of its counsel's intent to withdraw. (Doc. 18, pp. 1-2). Taylor Construction has therefore already had three weeks in which to secure new counsel.

4.   The Court should deny defense counsel's request to stay proceedings as it would further delay the judgment to which HRC is entitled for invoices that are almost two years past due and would therefore prejudice HRC. Moreover, Defendant has not explained what steps it has taken in the last three weeks to secure counsel, why Defendant needs an additional month to secure counsel (totaling more than 50 days from receiving notice of counsel's intent to withdraw), or what steps Defendant intends to take to secure counsel if a stay is granted for that purpose.

Counsel's unsupported request for further delay should be denied, and the Court should grant HRC's Motion for Summary Judgment and enter final judgment for HRC.

Respectfully submitted this 22nd day of August 2025,

*/s/ F. Faison Middleton IV*
*Attorney for Plaintiff Hunt Refining Company*

OF COUNSEL:
F. Faison Middleton IV
Georgia Bar No: 504745
Watson Spence LLP
320 Residence Avenue
Albany, GA 31701
Telephone: (229) 439-4183
Fax: (229) 436-6358
fmiddleton@watsonspence.com

*/s/Richard H. Monk III*
*Attorney for Plaintiff Hunt Refining Company*

OF COUNSEL:
Richard H. Monk III
Georgia Bar No: 557208
Bradley Arant Boult Cummings LLP
1819 5th Avenue N.
Birmingham, AL 35203
Telephone: (205) 521-8516
Fax: (205) 488-6516
rmonk@bradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I have electronically filed the foregoing with the Clerk of the Court using the Pacer system, which will send notification to the following:

Ian Smith
Spire Law, PLLC
2572 W. State Road 426
Suite2088
Oviedo, Florida 32765
ian@spirelawfirm.com
filings@spirelawfirm.com

The undersigned hereby certifies that the foregoing was served by U.S. Mail on the following:

David Taylor Construction, Inc.
c/o David J. Taylor, Jr.
233 US Highway 319 North, P.O. Box 1704
Moultrie, Georgia 31768

And further served by email at dtaylorcon@gmail.com, the email address provided in the Motion to Withdraw.

>    /s/Richard H. Monk III
>    OF COUNSEL